# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Kemp,<br><br>            Plaintiff,<br>v.<br><br>Nelson, Watson & Associates, LLC, Katherine Doe and John Doe,<br><br>            Defendants. | Civil No.: _____<br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

4.      Plaintiff Michael Kemp is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5.      Defendant Nelson, Watson & Associates, LLC, (hereinafter "Defendant NWA") is a collection agency operating from an address of 100 Cummings Center, Suite #143A, Beverly, MA 01915 and a registered agent of process of National Registered Agents, Inc., 590 Park Street, #6 Capital Building, Saint Paul, MN 55103 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Katherine Doe (hereinafter "Defendant Doe #1") is a natural person who was employed at all times relevant herein by Defendant NWA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant John Doe (hereinafter "Defendant Doe #2") is a natural person who was employed at all times relevant herein by Defendant NWA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.    Upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *June 2011 Collection Call to Plaintiff's Sister*

10.    In or about June 2011, Defendant NWA's collector, Defendant Doe #1, contacted Plaintiff's sister by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.    Defendant Doe #1 immediately asked for Plaintiff.

12.    Plaintiff does not live with his sister.

13.    Plaintiff's sister stated that Plaintiff did not live at the number and asked if Defendant Doe #1 listened to the answering machine that identifies a completely different name than Plaintiff's.

14.    Defendant Doe #1 stated that an auto-dialer called the house and that she didn't hear the previous attempts where messages were left on her answering machine.

15. Plaintiff's sister again reiterated that the number Defendants were calling was not a number to reach Plaintiff.

16. Defendant Doe #1 then stated that this was the contact number they had.

17. Plaintiff's sister again stated that the number Defendants were calling was not Plaintiff's phone number.

18. Defendant Doe #1 then inquired into the relationship between Plaintiff and his sister by asking if she was a family member or a friend.

19. Plaintiff's sister, now irritated by the questioning and calling, explained that her relationship to Plaintiff was not Defendant Doe #1's concern.

20. Defendant Doe #1 then stated, "so, you aren't even going to give him a message" or words to that effect.

21. Plaintiff's sister asked for the calls to cease and terminated the call.

22. All of the above-described collection communications made to Plaintiff's sister by Defendant Doe #1 employed as a debt collector by Defendant NWA, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### *June 17, 2011 Collection Call to Plaintiff's Distant Relative*

23. On or about June 17, 2011, Defendant NWA's collector, Defendant Doe #2, contacted Plaintiff's distant relative by telephone in an effort to collect this

debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. After being connected, Defendant Doe #2 asked for Plaintiff.

25. Plaintiff's distant relative stated to Defendant Doe #2 that Plaintiff did not live at that number.

26. Plaintiff's distant relative further explained that she did not personally know Plaintiff but that Plaintiff was a distant relative.

27. Defendant Doe #2 then asked whom he was speaking with.

28. After being told Plaintiff's distant relative name, Defendant Doe #2 then again stated that he need to talk with Plaintiff and demanded to know how Plaintiff's distant relative knew Plaintiff.

29. Plaintiff's distant relative stated that she did not personally know Plaintiff.

30. Plaintiff's distant relative stated that she had no way of contacting Plaintiff.

31. Plaintiff's distant relative inquired into the nature of the call and was told by Defendant Doe #2 that the call was a personal matter and he could not legally prohibited say more.

32. Defendant Doe #2 then asked Plaintiff's distant relative if she could get a hold of a relative that knew Plaintiff.

33. Defendant Doe #2 further requested that Plaintiff's distant relative get a message to Plaintiff with the company's contact information.

34.   Defendant Doe #2 continued pressing by asked how long it would take her to get Plaintiff the message.

35.   Plaintiff's distant relative stated that she would try to get a message to Plaintiff, but because she didn't know Plaintiff personally, she wasn't sure if that would be feasible.

36.   Thereafter the call ended.

37.   All of the above-described collection communication made to Plaintiff's distant relative by Defendant Doe and other collection employees employed by Defendant Doe, to 15 U.S.C. §§ 1692b(1), 1692c(b), 1692d, and 1692f, amongst others.

*Summary*

38.   All of the above-described collection communications made to Plaintiff's relatives by each individual Defendant and other collection employees employed by Defendant NWA, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

39.   The above-detailed conduct by these Defendants of harassing Plaintiff's relatives in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

40.   During their collection communications, Defendants and these individual debt collectors employed by Defendant NWA repeatedly engaged Plaintiff's relatives assistance in the collection of consumer debts and failed to limit their contacts with third-parties to confirming or correcting location information which were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

41.   Plaintiff has suffered damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

42.   The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant NWA who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NWA.

43.   The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NWA in collecting consumer debts.

44.    By committing these acts and omissions against Plaintiff, these individual

Defendants and these other debt collectors were motivated to benefit their

principal, Defendant NWA.

45.    Defendant NWA is therefore liable to Plaintiff through the Doctrine of

Respondeat Superior for the intentional and negligent acts, errors, and

omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA and

Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

46.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all

issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

47.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

48.    The foregoing acts and omissions of each Defendant and their agents

constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

49.    As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 8, 2011                                   **BARRY, SLADE & WHEATON, LLC**

                                                      By:  **s/Christopher S. Wheaton**
                                                      Christopher S. Wheaton, Esq.
                                                      Attorney I.D.#0389272
                                                      2701 University Avenue SE, Suite 209
                                                      Minneapolis, Minnesota 55414
                                                      Telephone:  (612) 379-8800
                                                      Facsimile: (612) 379-8810
                                                      cwheaton@lawpoint.com

csw/ko                                                **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA            )
                                        ) ss

COUNTY OF RAMSEY            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Michael Kemp, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.  I am a Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.



Executed on    __July__    __08__ , __2011__
                        Month          Day          Year

_____
                                               Signature